IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**THOMAS BERNARD, #18200-043**

*Petitioner*,

v.

**WARDEN "UNKNOWN" GOLBERT**,

*Respondent*.

CAUSE NO. 3:23-CV-29-CWR-ASH

## ORDER

Before the Court are the Magistrate Judge's Report and Recommendation ("R&R"), Docket No. 17, and Petitioner Thomas Bernard's objection to the R&R, Docket No. 19.

Thomas Bernard is a federal inmate who was housed at the Federal Correctional Complex in Yazoo City, Mississippi when the underlying incident occurred. On March 16, 2022, a MicroSD card was found in Mr. Bernard's possession. MicroSD cards are considered contraband at FCC Yazoo. *See* Docket No. 16-1 at 1-2. Special Investigative Services Technician Ursula Bolds issued an incident report that charged Mr. Bernard with violating section 199 of the Bureau of Prisons' Disciplinary Code. Before the Unit Disciplinary Committee ("UDO"), Mr. Bernard admitted owning the card. The UDO, then, referred Mr. Bernard to a Disciplinary Hearing Officer ("DHO"). The DHO held a hearing where Mr. Bernard again admitted to owning the MicroSD card. The officer found that he had committed the offense. Consequently, Mr. Bernard lost 41 days of good-time credit.

Mr. Bernard filed a habeas petition challenging his guilty finding and his resultant loss of good-credit time. Docket No. 1. He alleges that he did not break BOP policy by

possessing the MicroSD card. Rather, Mr. Bernard contends that he bought an MP3 player at the commissary and then "took [his] MP3 player apart and removed the [Micro SD] card." *Id*. at 6. Mr. Bernard argues that he cannot be in violation of BOP policy for possessing part of an item that he was allowed to purchase.

The Magistrate Judge ordered the Respondent to respond directly to Mr. Bernard's allegation that he came into possession of the MicroSD card after getting the MP3 player from the commissary at FCC Yazoo. Docket No. 14. Respondent filed a supplemental response, which explains that "[s]tandalone MicroSD cards are not allowed due to prison safety conditions. The moment that Bernard removed the MicroSD card from the MP3 player, he violated prison policy and was in possession of 'nuisance contraband.'" Docket No. 16 at 1.

The Magistrate Judge, then, issued the present R&R. Judge Harris determined that there was no constitutional violation. *See* Docket No. 17 at 5. Mr. Bernard does not dispute that he possessed the MicroSD card. *Id*. at 2. Instead, he argues that the card should not be deemed contraband because it was initially part of an allowed item. That said, the Magistrate Judge noted that "'altered personal property' is considered contraband under an applicable BOP Program Statement." *Id*. at 4.

Mr. Bernard filed an objection. He reiterated his argument that a MicroSD card cannot be contraband because he permissibly purchased the MP3 player that contained it. Docket No. 19 at 1. Though Mr. Bernard's frustration is noted, he admitted to possessing an item that, in its altered form, was contraband. Additionally, Mr. Bernard objected based on his assertion that he was deprived of his property without due process. *Id*. at 2-3. This Court disagrees. Mr. Bernard had not one but two disciplinary hearings, during which officers determined that the property that he possessed was contraband. Docket No. 17 at 2-3.

For these reasons, the objection is overruled, and the Report and Recommendation is adopted as this Court's own findings. A separate Final Judgment shall issue this day.

**SO ORDERED**, this the 10th day of October, 2025.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE